IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 20 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

KIARA S. PERKINS; RAVAN N. WILSON;
CHELSEA M. THADISON; AND MARY TRUNNER          PLAINTIFFS

VS.                                            CIVIL ACTION NO. 3:19cv136TSL-RHW

MAK TRANSPORTATION, INC.;
KARAMJEET SINGH, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; DOE DEFENDANT 1;
DOE DEFENDANT 2; AND DOE DEFENDANTS 3-10       DEFENDANTS

---

**PLAINTIFFS' ORIGINAL COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

---

COME NOW Plaintiffs, Kiara S. Perkins, Ravan N. Wilson, Chelsea M. Thadison and Mary Trunner, (hereinafter collectively referenced as the "Plaintiffs") by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Federal Rules of Civil Procedure, and files this Complaint against the Defendants, MAK Transportation, Inc.; Karamjeet Singh, in his official and individual capacities; Doe Defendant 1; Doe Defendant 2 and Doe Defendants 3-10 (collectively referenced hereinafter as "Defendants"). In support thereof, Plaintiffs would show unto this Honorable Court the following:

### I.

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Jackson, Mississippi.

## II.

## **PARTIES**

3. Plaintiff, Kiara S. Perkins, is an adult resident citizen of Lincoln County, Mississippi, who may be contacted by and through her undersigned attorney.

4. Plaintiff, Ravan N. Wilson, is an adult resident citizen of Lincoln County, Mississippi, who may be contacted by and through her undersigned attorney.

5. Plaintiff, Chelsea M. Thadison, is an adult resident citizen of Lincoln County, Mississippi, who may be contacted by and through her undersigned attorney.

6. Plaintiff, Mary Trunner, is an adult resident citizen of Lincoln County, Mississippi, who may be contacted by and through her undersigned attorney.

7. Defendant, MAK Transportation, Inc. is a foreign corporation which is not registered to do business within the State of Mississippi. This Defendant is a Virginian corporation and is registered with the Virginia Secretary of State's Office. This Defendant may be served with process through its registered agent Karamjeet Singh, at 669 Walnut Lane; Harrisonburg, Virginia 22801.

8. Defendant, Karamjeet Singh, is a foreign resident who, upon information and belief, resides at 669 Walnut Lane; Harrisonburg, Virginia 22801. Upon information and belief, this Defendant is a resident citizen of the State of Virginia and may be served where he resides or is employed.

9. Defendant 1 is the specific individual/entity/agent/corporation which owned the truck, in whole or in part, being driven by Karamjeet Singh at the time of the accident giving rise

to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiffs have performed an investigation to identify said person and/or company, but are currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 1 directly caused and/or contributed to the injuries sustained the Plaintiffs. Doe Defendant 1 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by the Plaintiffs and in whom Plaintiffs may seek recovery of damages.

10. Doe Defendant 2 is the specific individual/entity/agent/corporation which owned the trailer, in whole or in part, being pulled by Defendant, Karamjeet Singh at the time of the accident giving rise to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiffs have performed an investigation to identify said person and/or company, but are currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 2 directly caused and/or contributed to the injuries sustained by the Plaintiffs. Doe Defendant 2 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by the Plaintiffs and in whom Plaintiffs may seek recovery of damages.

11. Doe Defendants 3 is the specific individual/entity/corporation which owned the load, in whole or in part, being hauled by Karamjeet Singh at the time of the accident giving rise to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiffs have performed an investigation to identify said person and/or company, but are currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 3 directly caused and/or contributed to the injuries sustained by Plaintiffs. Doe Defendant 3 may be liable for all or part of the acts or

omissions committed, which resulted in the injuries sustained by Plaintiffs and in whom Plaintiffs may seek recovery of damages.

12.  Doe Defendant 4 is the specific individual/entity/corporation who employed Karamjeet Singh at the time of the accident giving rise to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiffs have performed an investigation to identify said person and/or company, but are currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 4 directly caused and/or contributed to the injuries sustained by Plaintiffs. Doe Defendant 4 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Plaintiffs and in whom Plaintiffs may seek recovery of damages.

13.  Doe Defendant 5 is the specific individual/entity/corporation with whom Karamjeet Singh was in the course and scope of his employment with and/or acted in furtherance of the interests of and/or was an apparent agent acting within his actual or apparent authority of, at the time of the accident giving rise to this Complaint, whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiffs have performed an investigation to identify said person and/or company, but are currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 5 directly caused and/or contributed to the injuries sustained by Karamjeet Singh. Doe Defendant 5 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Plaintiffs and in whom Plaintiff may seek recovery of damages.

14.  Doe Defendants 6-10 are other currently unknown individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject accident which involved and resulted in the injuries sustained by

Plaintiffs, and in whom Plaintiffs may seek recovery of damages. This civil action arises out of the negligent acts and omissions of the Defendants that were committed whole or in part in Hinds County, Mississippi.

### III.

### FACTS

15. On or about December 9, 2018, Plaintiff, Chelsea Thadison, was lawfully operating (with permission), a vehicle owned by Plaintiff, Mary Trunner. Plaintiff, Thadison was traveling northeast in the left lane of Interstate 55 in Jackson, Hinds County, Mississippi.

16. At all relevant times, Plaintiff, Chelsea Thadison, was lawfully operating the vehicle in compliance with the laws of the State of Mississippi.

17. A true and correct (redacted) copy of the Mississippi Uniform Accident Report has been attached hereto and incorporated herein by reference only as "Exhibit A."

18. Defendant Karamjeet Singh was driving an 18-wheeler in the right lane of Interstate 20 when said defendant attempted to merge over and into the left lane of Interstate 55. Suddenly and without warning, the 18-wheeler operated by Defendant, Karamjeet Singh violently struck the rear left side Plaintiff's vehicle. *See* Exhibit A, pg. 2.

19. After the 18-wheeler operated by Defendant, Karamjeet Singh, violently struck Plaintiff's vehicle, Plaintiff lost control of the vehicle, spun out of control, and exited the road into a ditch causing tremendous damage to Plaintiffs and the vehicle. Plaintiffs' vehicle came to rest in a ditch/ravine.

20. At all relevant times, the vehicle which Defendant Singh operated was owned by Defendants, Karamjeet Singh; MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5.

21. As a result of said accident, Plaintiffs, Chelsea M. Thadison, Ravan N. Wilson, and Kiara S. Perkins received numerous, severe, permanent, and lasting physical and psychological injuries to their body as a whole. Plaintiffs are still treating and to this end, the full extent of their injuries is unknown at this time.

22. Plaintiffs suffered and continue to suffer from, but not limited to, physical pain, emotional distress, psychological distress, mental anguish, disfigurement, loss of enjoyment of life, hedonic damages, medical bills, prescription drug costs and other damages more specifically set forth below and to be proven at trial. Plaintiffs require continued care, treatment and medication. Furthermore, as the injuries develop, Plaintiffs may suffer from permanent physical pain, impairment, disfigurement, and loss of past, present and future income.

23. It is undisputed that these Defendants, including Defendant, Karamjeet Singh, failed to keep his vehicle under a reasonable rate of speed and failed to keep his vehicle under control, which proximately caused this unfortunate accident.

24. These Defendants did not ensure that the subject 18 wheeler was under proper conditions, speed and control just prior to the point of impact, and also at the point of impact.

25. Liability cannot be genuinely disputed in this matter, as there exists absolutely no evidence that Plaintiffs, or anyone else, caused and/or contributed to the subject accident in any way.

26. As a result of the Defendants' act(s) and/or omission(s), Plaintiffs have sustained and will continue to sustain economic as well as non-economic damages.

27. Further, upon information and belief, Karamjeet Singh and Doe Defendants 6-10 were the agent, servant and/or employee of either Karamjeet Singh; MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5

and were in the course and scope of their employment at all relevant times prior, during and after the accident in question.

28. As a result, MAK Transportation; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 are responsible both for Karamjeet Singh's actions, inaction, and/or conduct pursuant to the doctrine of respondeat superior as well as for any negligence of its own.

## IV.

## CLAIMS FOR RELEIF

### NEGLIGENCE AND MOTOR VEHICLE NEGLIGENCE

*(As to All Defendants)*

29. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

30. At the time and on the occasion in question, Defendants possessed a duty of ordinary care while operating a commercial motor vehicle in Mississippi, specifically to maintain a proper lookout and to keep the vehicle under proper control. Further, Defendants breached their duties and were negligent in failing to do what a reasonable, prudent driver; owner and/or employer of an 18 wheeler would have done under these circumstances.

31. Defendants were negligent in the following particulars, including but not limited to:

(a) failing to keep proper lookout;

(b) failing to maintain the appropriate speed of the 18 wheeler;

(c) inattention while driving;

(d) causing a motor vehicle accident;

(e) failing to abide by the laws of the State of Mississippi;

(f) driving in a careless and/or reckless manner;

7

(g)  failing to keep a vehicle under reasonable and proper control;

(h)  failing to maintain a reasonably safe speed;

(i)  failing to take proper evasive action to avoid striking the vehicle being driven by Plaintiffs;

(j)  colliding with the vehicle being driven by and containing the Plaintiffs; and

(k)  other acts of negligence as will be more fully shown at trial.

32. The act(s) and/or omission(s) of the Defendants constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.

33. Further, the act(s) and/or omission(s) of these Defendants resulted in the Plaintiffs' significant injuries, losses and damages.

V.

**GROSS NEGLIGNECE**

*(As to All Defendants)*

34. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35. When viewed objectively, the Defendants' act(s) and/or omission(s) involved an extreme degree of risk and constituted willful, wanton and reckless conduct under these circumstances. To this end, Defendants' act(s) and/or omission(s) constitute gross negligence under Mississippi law.

36. The act(s) and/or omission(s) of the Defendants constitute gross negligence and were each a proximate cause of the occurrence in question.

37. Further, the act(s) and/or omission(s) of these Defendants resulted in Plaintiffs' significant injuries, losses and damages.

## VI.

## **NEGLIGENT HIRING, RETENTION, SUPERVISION AND/OR CONTROL**

### *(As to MAK Transportation, Inc.)*

38. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

39. At the time and on the occasion in question, MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 were negligent in hiring, retaining, supervising and/or controlling their employee(s), servant(s), and/or agent(s), Karamjeet Singh and Doe Defendants 6-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in placing an 18-wheeler driver on the road. Defendants breached that duty in the following respects, among others:

(a) failing to adequately inquire into the competence, employment history and criminal background of employee/agent/servant, Karamjeet Singh and Doe Defendants 6-10;

(b) failing to adequately train employee/agent/servant, Karamjeet Singh and Doe Defendants 6-10;

(c) failing to properly supervise employee/agent/servant, Karamjeet Singh and Doe Defendants 6-10;

(d) failing to comply with industry standards and regulations regarding supervision of 18 wheeler drivers;

(e) failing to properly monitor Karamjeet Singh and Doe Defendants 6-10's driving hours and logs;

(f) failing to require Karamjeet Singh and Doe Defendants 6-10 to maintain logs and records in compliance with applicable state and federal regulations;

(g) failing to comply with industry standards and regulations regarding records and supervision of drivers, and;

(h) other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

40. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

41. Further, the act(s) and/or omission(s) of these Defendants resulted in the Plaintiffs' significant injuries, losses and damages.

## VII.

## **RESPONDEAT SUPERIOR**

### *(As to Defendant, MAK Transportation, Inc.)*

42. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

43. Defendants Karamjeet Singh and Doe Defendants 6-10 were in the course and scope of their employment with MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 at all relevant times immediately subsequent and preceding the accident in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

44. Therefore, the act(s) and/or omission(s) of Defendants, Karamjeet Singh and Doe Defendants 6-10, are the responsibility of Defendants, MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 and to this end, Defendants, MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2,

Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 are vicariously liable for any act(s) and/or omission(s) of Defendants Karamjeet Singh and Doe Defendants 6-10.

45. These act(s) and/or omission(s) proximately caused the injuries and damages sustained by the Plaintiffs.

## VIII.

### *PIERCING THE CORPORATE VEIL*

*(As to Defendants, Karamjeet Singh and MAK Transportation, Inc.)*

46. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

47. Upon information and belief, Defendant, Karamjeet Singh, is the owner, operator, over-seer, proprietor, manager and supervisor of Defendant, MAK Transportation, Inc.

48. Upon information and belief, Defendant, MAK Transportation, Inc., was created as shell corporations to (i) create revenue for Defendant, Karamjeet Singh; (ii) hold title to the assets in the corporation's name; and (iii) stand ready to defend Karamjeet Singh from litigation such as this, so as to not expose any of his personal assets and/or wealth.

49. Upon information and belief, Defendant, MAK Transportation, Inc., and Karamjeet Singh have committed fraud, corporate malfeasance and have violated the very essence of the corporate style and structure which the corporate defendant enjoys.

50. Upon information and belief, Defendant, Karamjeet Singh, is nothing more than an alter ego of Defendants, MAK Transportation, Inc., and therefore, the Court should allow these Plaintiffs to pierce the corporate veil or corporate structure of the corporation in order to identify other assets held by Defendant, Karamjeet Singh.

51.     Upon information and belief, Plaintiffs may require medical treatment for the rest of their natural life. To this end, Plaintiffs should be allowed to pierce the corporate veil in an effort to make Plaintiffs whole to the extent that money can achieve that purpose.

52.     As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs have sustained certain economic as well as non-economic damages.

## IX.

## AGENCY

53.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

54.     At all relevant times, Karamjeet Singh and Doe Defendants 6-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants, MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5, and/or was an apparent agent acting within his actual or apparent authority of Defendants, MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5; consequently, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

## X.

## VICARIOUS LIABILITY

*(As to Defendants, Karamjeet Singh and MAK Transportation, Inc.)*

55.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

56. At all relevant times, Defendants Karamjeet Singh and Doe Defendants 6-10, were under the supervision, control and authority of MAK Transportation; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5.

57. The act(s) and/or omission(s) taken by Defendants Karamjeet Singh and Doe Defendants 6-10, were while in the course and scope of his employment with Defendants, MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5.

58. Therefore, Defendants, MAK Transportation, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 are vicariously liable for the act(s) and/or omission(s) of Defendants Karamjeet Singh and Doe Defendants 6-10.

59. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs have sustained certain economic as well as non-economic damages.

## XI.

## *RES IPSA LOQUITUR* LIABILITY

60. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

61. The accident at issue is of a kind which ordinarily does not occur in the absence of someone's negligence, and the evidence will overwhelmingly show that these Defendants were negligent.

62. The accident at issue was caused by an agency or instrumentality within the exclusive control of these Defendants.

63. The accident as well as the Plaintiffs' resulting injuries was not due to any voluntary action on the part of the Plaintiffs, either individually or collectively.

64. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs sustained economic as well as non-economic losses.

## XII.

## NEGLIGENCE *PER SE*

65. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

66. To the extent that one of more of these Defendants, through their act(s) and/or omission(s) violated a Mississippi statute in the operation of the subject commercial motor vehicle at issue, and (i) the Plaintiffs were in the class of persons the statute was designed to protect and (ii) the injuries sustained were of a type the statue was designed to prevent, these Defendants are *per se* negligent.

67. The act(s) and/or omission(s) of these Defendants constitute negligence *per se* and were a proximate cause of the occurrence of this accident.

68. Further, the act(s) and/or omission(s) of the Defendants results in the Plaintiffs' significant injuries, losses, economic damages and non-economic damages.

## XIII.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

70. These Defendants were negligent in the following particulars, including but not limited to:

(a) failing to keep proper lookout;

(b) failing to maintain the appropriate speed of their vehicle;

(c)   inattention while driving;

(d)   failing to abide by the laws of the State of Mississippi;

(e)   driving in a careless and/or reckless manner;

(f)   failing to maintain control of the vehicle;

(g)   failing to take evasive action to avoid striking the automobile being driven by Plaintiff; and

(h)   other acts of negligence as will be more fully shown at trial.

71.   Based upon the Defendants' negligent act(s) and/or omission(s), Plaintiffs have sustained severe, permanent emotional distress which impacts their daily lives. Further, based on the significant impact coupled with the resulting wreckage and injuries to his body, Plaintiffs, were severely and permanently impacted by the subject collision.

72.   As a result of their negligence, certain and distinct emotional distress was brought about and manifested in the Plaintiffs which has necessitated medical treatment for Plaintiffs. Additionally, Plaintiffs have endured stress relative to worry, anxiety, concern and the uncertainty of his future and that of his family.

73.   These act(s) and/or omission(s) of the Defendants proximately caused the occurrence of this accident. Further, the act(s) and/or omission(s) of the Defendants results in the Plaintiffs' significant injuries, losses, economic damages and non-economic damages.

### XIV.

### **DAMAGES**

74.   As a direct and proximate result of the conduct of all Defendants, Plaintiffs have suffered and will continue to suffer damages in an amount in excess of the minimum

15

jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to the injuries and the harm he has sustained.

75. Plaintiffs request an award of all kinds of economic, non-economic, actual, compensatory, incidental and consequential damages available to them under the law.

76. Plaintiffs have suffered out-of-pocket expenses which include costs of court and other expenses. Accordingly, Plaintiffs see all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

77. The amount of total damages suffered by each Plaintiff is significant and continuing in nature.

## XV.

## **PUNITIVE DAMAGES**

78. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of these Defendants, constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## XVI.

## **RIGHT TO AMEND PURSUANT TO FRCP 15**

80. Pursuant to Rules 15 of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

## XVII.

## **JURY TRIAL DEMANDED**

81. Plaintiffs demand a jury trial.

## XVIII.

## **PRAYER FOR RELIEF**

82. For these reasons, Plaintiffs ask for judgment against all Defendants for the following:

(a) All kinds of economic and non-economic damages, including compensation for all injuries complained of herein, including but not limited to property damages, past, present and future emotional pain and suffering, mental distress, related medical bills, current medical expenses, past medical expenses, future medical expenses, loss of earning capacity, past and future loss of enjoyment and quality of life, severe mental pain, anguish, suffering, dismemberment, disfigurement, inconvenience, worry, emotional distress, loss of society and companionship, physical impairment, hedonic damages and others;

(b) Punitive damages against all Defendants in an amount sufficient to punish said Defendants for their egregious conduct and to deter Defendants and others similarly situated from engaging in such conduct in the future;

(c) Reasonable attorneys' fees;

(d) Court costs and fees;

(e) Pre-judgment interest at the maximum legal rate for all damages suffered;

(f) Post-judgment interest at the maximum legal rate for all damage suffered; and

(g) For such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, economic, non-economic, exemplary, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which he may show himself to be justly entitled.

This the 20th day of February, 2019.

Respectfully submitted,

KIARA S. PERKINS; RAVAN N. WILSON; CHELSEA M. THADISON; and MARY TRUNNER, Plaintiffs

By: /s/ Warren L. Martin, Jr.
Warren L. Martin, Jr.

**Of Counsel:**
Warren L. Martin, Jr., MSB # 101528
Robert E. Thompson, II, MSB # 105731
**WARREN L. MARTIN, JR., P.A.**
351 Edgewood Terrace Dr.
Jackson, Mississippi 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: attywarrenmartin@gmail.com